The opinion of the Court was delivered by
Munbo, J.
In the case of The State vs. Quarrel, (2 Bay, 150), which was a conviction for murder, one of the grounds for a new trial was, that one of the jurors who sat upon the trial was an alien, and that neither the prisoner nor his counsel . knew of it on the trial. But it was held, that the objection came too late after verdict. It wa's said by the Court that ■ the prisoner had a right to a copy of the indictment three *136 days before the trial, one of the ends and designs of which was, that a prisoner might enquire into the character and qualifications of the jurors, and if he did not do so, it was his own-fault.
At the same term of the Court, the case of The State vs. O'Driscoll, charged with a misdemeanor, came up upon a similar motion; and the ruling of the Court was the same. Several years afterwards the same question was made in two other cases, both of them involving capital punishment, The State vs. Fisher, (2 N. & McC. 261,) and The State vs. Billis, (2. McC. 12,) but the rule adopted in Quarrel's case, that what was good cause for challenge shall not be made the ground for a new trial, was adhered to.
' If the foregoing rule be applicable to every grade of offence on the Sessions side of the Court, there is much greater reason for its application to trials on the Civil side of the Court, more especially since the passage of the Act of 1841, which allows to each party in a civil suit the right to challenge two of the jury, without cause shown. So much for the first ground.
The secound ground alleges the incompetency of the witness Ivey, because of the insufficiency of the evidence to establish the factum of the release.
On this point, the evidence was as follows: “ He was examined in North Carolina by Commission — annexed to his deposition, was a formal release, duly executed by the President and Secretary of the Company, a corporate body, which release the witness deposed had been delivered to him before his examination. Upon objection made, a witness in court testified that the signatures to the release, were respectively in the handwriting of the President, the Secretary, and the attesting witness, and that all of these three persons resided out of this State.” In Ang. & Ames on Corporations at page ' 194, the rule is thus stated: “ The technical mode of executing the deed of a corporation is to conclude the instrument, *137 which should be signed by some officer or agent, in the name of the corporation, with, “ In testimony whereof, the common seal of the corporation is herewith affixed,” and then to affix the seal. And at page 195, it is said, “ The signature of the agent of the corporation, executing the instrument in its behalf, however, being proved, the seal, though mere paper and wax, stamped with the common desk seal of a merchant, will be presumed to be the seal of the corporation, until the presumption is rebutted by competent evidence.” See also, 15 Pick. R. 417, and 12 New Hampshire R. 430.
In this case, the proof of the execution of the release comes so fully up to the above rule, that one is at a loss to comprehend, in what particular it could have been rendered more complete.
Wherefore the motion is dismissed.
O’Neall, Wardlaw and Glover, JJ., concurred.

Motion dismissed.